**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Sousa, | ) | No. CV 12-00334-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Quality Loan Servicing Corp.; Wells Fargo Bank, N.A., | ) | |
| Defendants. | ) | |

We have before us plaintiff's motion to set aside judgment (doc. 31), defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") response (doc. 36), plaintiff's reply (doc. 37), plaintiff's motion to appoint pro bono counsel (doc. 32), and plaintiff's request for transcripts in forma pauperis (doc. 38). Plaintiff moves for relief from judgment under Rule 60, Fed. R. Civ. P., claiming excusable neglect and fraud.

Plaintiff filed a response to Wells Fargo's motion to dismiss and an amended complaint on the same day. When Well Fargo moved to strike his amended complaint, plaintiff failed to respond. But the motion to dismiss was fully briefed when we ruled on it. Plaintiff's failure to meet a deadline was not "a major cause of this action being dismissed," as he infers in his reply. (Doc. 37). His failure to file a response to the motion to strike did not influence our ruling on the motion to dismiss.

We granted defendant's motion to strike for several reasons other than plaintiff's

failure to respond. First, plaintiff had many chances to amend his complaint. The complaint which was stricken was plaintiff's sixth amended complaint since beginning this litigation. Second, plaintiff failed to comply with Rule 15, Fed. R. Civ. P., which provides that a party without the right to amend its pleading as a matter of course may amend "only with the opposing party's written consent or the court's leave." Plaintiff did not get defendants' written consent or seek leave of the court to amend his complaint. Third, he failed to comply with LRCiv 15.1 because he did not attach to a stipulation or motion for leave to amend a copy of his proposed amended pleading which indicated in what respect it differed from the pleading it amended. Fourth, we determined that "any further attempts at amendment would be futile." (Doc. 27 at 4). After a hearing on March 7, 2012, we denied plaintiff's motion for preliminary injunction. On March 22, 2012, we denied plaintiff's application for temporary restraining order. As we noted when denying his motion for extension of time to respond, "[p]laintiff had opportunities to present his arguments many times." (Doc. 30).

Rule 60(b)(1) permits the court to relieve a party from a final judgment or order for excusable neglect. Excusable neglect takes into account factors such as prejudice, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

Plaintiff was not prejudiced by our decision not to allow him to file a reply after we issued our order. The reason for his delay – reliance on a poster on an online message board who claimed to have legal knowledge – is not a basis for setting aside our judgment. Plaintiff had no right to rely on someone who is not a lawyer. It is inexcusable neglect to do so, not justifiable reliance. The delay was entirely within the reasonable control of movant. "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quotation omitted). Plaintiff's lack of legal training does not change this

- 2 -

1  standard.  He has not shown excusable neglect to set aside our order granting defendant's
2  motion to strike.

3  Plaintiff also seeks relief based on fraud, pursuant to Rule 60(b)(3).  To obtain relief
4  under this rule, a losing party must show, by clear and convincing evidence, that defendant
5  committed fraud which prevented plaintiff "from fully and fairly presenting his case."
6  Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 246 F.2d 846, 849 (9th Cir. 1957).  "Rule
7  60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually
8  incorrect.'" De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000).
9  Plaintiff has not met this standard.  His allegations of fraud relate to the actions underlying
10 his claims for fraud, not to any misconduct during litigation.  He does not allege facts tending
11 to show that defendant prevented him from fully and fairly presenting his case or that
12 defendant obtained a judgment unfairly.

13 Plaintiff also seeks appointment of pro bono counsel.  The court may appoint counsel
14 for civil litigants only in "exceptional circumstances."  Wilborn v. Escalderon, 789 F.2d
15 1328, 1331 (9th Cir. 1986).  A finding of exceptional circumstances requires evaluating both
16 "the likelihood of success on the merits and the ability of the petitioner to articulate [his]
17 claims *pro se* in light of the complexity of the legal issues involved."  Richards v. Harper,
18 864 F.2d 85, 87 (9th Cir. 1988).  We have already dismissed this case on the merits.  It is
19 clear that plaintiff has no likelihood of success on the merits.  Nor are the legal issues
20 complex.  This case does not present exceptional circumstances warranting the appointment
21 of counsel.

22 Plaintiff filed a notice of appeal the day after filing his motion to set aside judgment.
23 Plaintiff requests transcripts for the appeal in forma pauperis.  Under 28 U.S.C. § 753(f), fees
24 for transcripts furnished to persons permitted to appeal in forma pauperis shall "be paid by
25 the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous
26 (but presents a substantial question)."  We cannot certify that plaintiff's appeal is not
27 frivolous.  We are unable to determine on what grounds plaintiff seeks to overturn the
28

1  judgment. Plaintiff did not explain what issues he will raise on appeal or how the transcript
2  of his preliminary injunction hearing is relevant to our order dismissing his case. See
3  McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991), vacated on other grounds
4  sub nom. Helling v. McKinney, 502 U.S. 903, 112 S. Ct. 291 (1991).

**IT IS ORDERED DENYING** plaintiff's motion to set aside judgment (doc. 31), plaintiff's motion to appoint pro bono counsel (doc. 32), and plaintiff's request for transcripts in forma pauperis (doc. 38).

DATED this 27th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge